AMY, J.,
concurs in part and dissents in part.
|,1 concur in the majority’s finding that the trial court was without authority to render the second judgment. Accordingly, I agree with the decision to vacate that judgment. However, I dissent in part, as I find that the original judgment should be reversed in part and affirmed in part as amended.
The trial court was presented with conflicting versions of the events which transpired after the accident between Mr. Des-selle and Mr. Vercher. Its oral reasons for judgment indicate that after weighing the testimony, the trial court gave greater weight to the Bordelons’ versions of events. It found that, based upon the testimony, Mr. Desselle instructed Mr. Vercher to move his vehicle. In light of the deference afforded to it, I find that the trial court was not manifestly erroneous in finding Mr. Desselle at fault. The trial court determined that the credible account of the events included Mr. Desselle telling Mr. Vercher to move his vehicle. The court noted that Mr. Desselle was aware that Mr. Vercher was in shock following the collision and thus, it was negligent for him to instruct Mr. Vercher to move his vehicle. As the record supports this factual determination, I would affirm the trial court’s determination with regard to fault.
In sum, while I would affirm the original judgment, I would amend it to include reference to the parties’ stipulation that the cause of action would not exceed | a$50,000.00 and the trial court’s finding of Mr. Desselle fifty percent at fault.